IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Faye Parks,<br><br>Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CIV 07-8133-PCT-GMS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Edward Faye Parks filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in Mohave County Superior Court for two counts of aggravated driving while under the influence of intoxicating liquor. Following the trial court's acceptance of the guilty plea, Parks was sentenced to consecutive prison terms totaling six and one-half years. He raises five grounds of ineffective assistance of trial counsel in his federal petition. Respondent Charles L. Ryan [1] contends that all five grounds are unexhausted and procedurally defaulted. The Court agrees that four of the grounds are procedurally defaulted and the fifth ground is without merit. It therefore recommends that the petition be denied and dismissed with prejudice.

---

[1] Charles L. Ryan is substituted as Interim Director of the Arizona Department of Corrections, succeeding Dora Schriro.

## BACKGROUND

Following the entry of an *Alford* plea,[2] Parks' probation officer filed a pre-sentence investigation report in preparation for his sentencing. The report indicated that Parks helped to take care of his girlfriend, who has emphysema, and her son, who has diabetes. The probation officer also noted Parks' lengthy history of drunk driving that spanned over a decade, his denial of an alcohol problem, and the failure of prior prison terms to deter his behavior (Doc. #21, Exh D). At sentencing, defense counsel argued for leniency, making a strong plea to the sentencing judge for the imposition of a prison term on one count and intensive probation on the second count (*Id.*, Exh E at 8-11). In sentencing Parks, the trial court considered as aggravating factors his four prior felony convictions, including three felony DUI convictions, and the fact that he was on felony release when he committed one of the offenses (*Id.* at 20).

Parks filed a timely Petition for Post-Conviction Relief, and through counsel filed a memorandum alleging that trial counsel rendered ineffective assistance by failing to present sufficient mitigation evidence during the sentencing hearing (Doc. #21, Exh G- I). He argued that counsel failed to inform him that he could present mitigation witnesses at sentencing, or that he could submit reports from the Alcoholics Anonymous Meetings he had attended (*Id.*).

The trial court dismissed the petition, ruling as follows:

> The defense memorandum raises a material issue of law, ineffective assistance of counsel, alleging that trial counsel's performance was deficient under the prevailing standards of competence. However, the memorandum does not identify one iota of evidence which would be presented on the prejudice issue under the *Strickland* test. So, even assuming I found trial counsel's performance to be deficient, there is not even an allegation or hint of additional evidence that should have been presented or could now be presented which would change the sentence. The defendant's own affidavit, attached to the memorandum, does suggest that he had documentary proof of attendance at some AA meetings and that his girlfriend and some former co-workers would have testified for him. The girlfriend wrote a lengthy character letter, which I considered for sentencing. It was undisputed that the defendant had attended some counseling as ordered for a previous DUI conviction. In

---

[2]*North Carolina v. Alford*, 400 U.S. 25 (1970).

> short, I find no possibility that the kinds of evidence suggested by the defendant would have changed the sentence. Rule 32.5 requires that the petition be supported by affidavits, records or other evidence supporting the allegation of the petition.
>
> Under the provisions of Rule 32.6(c), A.R.Cr.P., I find that the defendant has not made a claim which presents a material issue of fact or law which would entitle him to relief.
>
> IT IS ORDERED summarily dismissing the petition.

(*Id.*, Exh J)

Parks filed a petition for review in the Arizona State Court of Appeals; the court denied review (*Id.*, Exh K). The Arizona Supreme Court also denied review (*Id.*, Exh L).

Parks contends that counsel's actions constituted deficient performance as follows: (1) advising Parks to waive his arraignment; (2) failing to provide him with a copy of the police report; (3) refusing Parks' request to withdraw from his plea agreement during sentencing; (4) failing to present adequate mitigating evidence during the sentencing hearing; and (5) failing to adequately investigate a witness to Parks' offense (Doc. #1). In his supplemental memorandum, Parks re-alleges the allegation contained in his fourth ground for relief (Doc. #13).

## EXHAUSTION OF REMEDIES

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is

based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,

262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

**DISCUSSION**

Parks alleges for the first time in his federal petition that counsel was deficient in the following instances; (1) advising him to waive the arraignment; (2) failing to provide Parks with a police report, despite Parks' request for one; (3) failing to withdraw his guilty plea prior to sentencing; and (4) failing to adequately investigate a witness to the charged offenses. Parks never presented any of these claims in state court in his post-conviction proceedings. Because of his failure to present these claims in state court, he has not met the exhaustion requirement. *Roettgen*, 33 F.3d at 38. In addition, because he would have no state remedy were he to return to the state court, his claims are procedurally defaulted. *Teague.* Finally, Parks cannot demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance, and actual prejudice. *Coleman*.

Parks' remaining claim of ineffective assistance is that trial counsel failed to offer sufficient mitigation evidence. Although Respondents contend that this claim is procedurally barred because he failed to assert any violation of federal constitutional rights in state court, the Court disagrees. As evidenced by the trial court's minute entry dismissing his petition, the federal legal theory on which his claim was based was a denial of his Sixth Amendment Right to the Effective Assistance of Counsel. That is sufficient to meet the exhaustion requirement. *Bland*.

Concerning the merits of his claim, the trial court correctly applied the two-pronged test announced in *Strickland* in summarily dismissing his ineffective assistance claim. Appropriately bypassing a discussion of deficient performance, the trial court went directly to the second prong, the prejudice requirement. *See Jackson v. Calderon*, 211 F.3d 1148,

1155 n.3 (9th Cir. 2000). Parks was required to show the existence of a reasonable probability that but for counsel's deficient performance, the trial court would have sentenced him differently. As the trial court plainly stated, "there is not even an allegation or hint of additional evidence that should have been presented or could now be presented which would change the sentence." The claim of ineffective assistance fails.

The Court ordered Respondents to file a Supplemental Answer upon being informed by Parks that he had initiated new post-conviction proceedings in Mohave County Superior Court in October, 2008, after the filing of his federal petition. The Court ordered Respondents to address the significance of these proceedings on the pending federal habeas action. Although the basis of his claim is unclear, it appears Parks is arguing that counsel was ineffective for failing to enforce an alleged agreement made in justice court in Bullhead City that Parks would waive his right to an arraignment in exchange for a promise of concurrent sentences. *See* Doc. #33, Exh 1.

The Court agrees with Respondents that Parks is attempting to return to state court in an effort to exhaust a new ground for relief. The Court also agrees that such an attempt is futile, because Parks' failure to raise this ineffective assistance of counsel claim in his first post-conviction relief petition constitutes a waiver of that claim and precludes him from now pursuing the claim in state court. *State v. Conner*, 163 Ariz. 97, 100 (1990). The Court concludes that the proceeding in state court has no effect on this Court's consideration of Parks' federal petition.

**IT IS THEREFORE RECOMMENDED** that Edward Faye Parks' petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of February, 2010.

_____
David K. Duncan
United States Magistrate Judge